IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,477-01






EX PARTE LAURIE PETTY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20194-A IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child, and was sentenced by a jury to sixty years' imprisonment. The Twelfth Court of
Appeals affirmed her conviction. Petty v. State, No. 12-90-00013-CR (Tex. App. - Tyler, March
31, 1992, no pet).

 Applicant contends, inter alia, that her plea was not knowingly and voluntarily entered
because trial counsel gave her no choice but to plead guilty. Applicant alleges that counsel advised
her to go to the jury for punishment because the jury could give her probation. Although it is true
that the trial court could not have given Applicant probation for the offense of aggravated sexual
assault of a child, the record contains nothing else to indicate whether counsel's advice was
reasonable, and whether, but for counsel's advice, Applicant would not have pleaded guilty but
would have insisted on going to trial on the charges. The habeas record does not contain a copy of
the appellate opinion, a response from the State, an affidavit from counsel, or findings of fact from
the trial court.

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim that he
coerced Applicant into pleading guilty. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the appellate opinion,
and any other documents relevant to Applicant's claim. The trial court shall then make findings of
fact as to whether counsel filed a pre-trial motion for probation in this cause. The trial court shall
make findings as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 10, 2008

Do not publish